(83 Misc. Rep. 632)

### PEOPLE v. MARKHEIM.

(Supreme Court, Special Term, New York County. January, 1914.)

1. CRIMINAL LAW (§ 1073*)—APPEAL—CERTIFICATE OF REASONABLE DOUBT—PLEADING AND PROOF.

In a prosecution under an indictment charging merely the presentation of a false claim, not the presentation of proofs in support thereof, for the payment of a loss on a contract of fire insurance, in violation of Penal Law (Consol. Laws, c. 40) § 1202, the admission of evidence that defendant had made proofs of loss entitled him to a certificate of reasonable doubt, where it affirmatively appeared from the record and was conceded by the trial justice that at the time of a fire there sprang into existence a valid claim.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

2. CRIMINAL LAW (§ 1073*)—CERTIFICATE OF REASONABLE DOUBT—SUBMISSION OF ISSUES.

In a prosecution for the presentation of a false claim for insurance money in violation of Penal Law (Consol. Laws, c. 40) § 1202, the action of the court in withdrawing from the jury and deciding for himself two essential elements of the crime as charged, the existence of the claim and the presentation thereof, entitled defendant to a certificate of reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

Louis Markheim was convicted of presenting a false and fraudulent claim for payment of a loss on a contract of fire insurance, and applies for a certificate of reasonable doubt. Application granted.

See, also, 145 N. Y. Supp. 1138.

Charles S. Whitman, of New York City, for the People.
Levy & Unger, of New York City, for defendant.

COHALAN, J. [1] Application for a certificate of reasonable doubt. The defendant was convicted of the crime of presenting a

---

false and fraudulent claim for the payment of a loss on a contract of fire insurance, in violation of section 1202 of the Penal Law. Thirty specifications of error are urged in the moving papers. It may be said, despite this lengthy recital of rulings adverse to the defendant's interests, that in the report of the trial of nine days' duration there is presented an excellent record for review. Yet in the last analysis there are two propositions of law the consideration of which may produce probable grounds for the reversal of this conviction. They may be stated: (1) The court took from the jury—under the indictment—two essential questions of fact; and (2) there was a defect in the indictment itself and the respective motions to dismiss thereunder should have been granted. In section 1202 of the Penal Law, first subdivision thereof, two crimes are defined: First, the presenting of a false claim; and, second, the presenting of proof in support of such a claim. The indictment alleges that the defendant did present a claim, but not proofs in support of the claim. The people claimed on the trial that:

"At the time of the fire, and just as soon as damage resulted therefrom, there sprang into existence a valid and subsisting claim by reason of a contract of insurance."

The defendant urges that the claim was not false or fraudulent, but at most the proofs in support of the claim were false and fraudulent. Without elaborating on this assertion of error it may be conceded that this proposition has not been considered in connection with section 1202 of the Penal Law. The defendant contends that under the federal statute an analogous situation has been disposed of in conformity with what he asserts is the correct interpretation of the law. If there had been no fire and a false claim that a fire had occurred were urged upon the insurance company, or if there had been no damage at all and a false claim was put in that there had been some damage, the defendant could be convicted under the present indictment because his claim would be without foundation, and hence false and fraudulent. But as the people claimed and as the court charged that at the time of the fire, and just as soon as damage resulted therefrom, by reason of the contract of fire insurance there was a false claim, yet the only evidence before the court was that the defendant presented false proofs in support of a legitimate claim.

Two federal cases are in point. U. S. v. Miskell (C. C.) 15 Fed. 369; U. S. v. Rhodes (C. C.) 30 Fed. 431. In the latter case the court held:

"The claim must be false, as well as the affidavit or deposition, and that a false affidavit to sustain a just and true claim is not within the denunciation of the section."

So there may be a question as to whether error was committed in letting in evidence of proofs of loss under the indictment, which charged the presentation of a false claim, where it affirmatively appears from the record, and is conceded by the trial justice, that at the time of the fire there sprang into existence a valid and subsisting claim.

[2] Reverting to the first ground, upon which an assignment of error is predicated, it is well to state the four elements of the crime as charged: (a) The existence of the claim; (b) the presentation of such

a claim; (c) the validity of such a claim; and (d) the knowledge of such validity. These four elements of the crime were properly recognized and pointed out in the charge to the jury. Yet the trial justice took from the consideration of the jury the first two essential ingredients and decided for himself that the defendant had committed these two elements of the crime. The charge reads:

"Instead of submitting to you all of these major questions contained in the case, I, as the judge of the law, assume the responsibility of determining two of those questions: First, as to whether a claim was in existence; and, second, as to whether a claim was presented. These questions will be practically taken away from you, and you will be charged on them as questions of law. * * * Therefore in listening to the instructions of the court you may, to a certain extent, relieve your minds from any feeling of responsibility that you may have entertained with regard to those two major questions, which I say to you are presented to you as questions of law."

It is a question for the Appellate Court to consider whether such a withdrawal from the jury of these elements constitutes error. People v. Walker, 198 N. Y. 334, 91 N. E. 806; People v. Tuczkewitz, 149 N. Y. 240, 43 N. E. 548.

In People v. Walker, supra, the court said:

"It was necessary for the people to establish by legal evidence the three elemental facts already pointed out, constituting the crime charged. The evidence introduced to prove these facts involved the credibility of witnesses. The plea of not guilty and the presumption of innocence make the credibility of every witness for the people in a criminal action a question of fact for the jury. Within the limits of sound discretion the court may discuss and comment upon that question, but cannot decide it, for that is the exclusive duty of the jury, established by the practice of many generations. The court cannot withdraw from them any controlling fact which depends upon the credibility of witnesses, even of the highest character and standing. No matter how conclusive the evidence was in the case before us, and assuming that it was wholly uncontradicted, and that the inferences all pointed one way, each of the three fundamental facts was for the jury to pass upon, for if the court could take away one from them, it could take away all, and thus direct a verdict, which is never allowed in a criminal case. While in a civil action, when there is no conflict in the evidence and no diverse inferences therefrom are possible within reason, the court may direct a verdict even in a case of the utmost importance, still in a criminal action this is not permitted by the law even in a case of the most trifling importance. * * * Both by statute and common law they are 'the exclusive judges of all questions of fact,' and every essential element of a crime presents a question of fact, whether there is any conflict in the evidence or not."

The language in the above case, elemental, clear, and explicit as it is, seems to be pertinent to the situation presented in this case. These two propositions of law import serious doubt of the correctness of the judgment and a probability of its reversal on appeal.

Motion granted.